In my opinion, it was unreasonable of the trial court to deviate from the child support guidelines, R.C. 3113.21.5, by cutting the obligation almost in half, from $394 a month to $200 a month. The result is to treat the obligor spouse as if she had an annual income of $15,100, instead of the $31,000 she actually enjoys.
The trial court was concerned that the obligor spouse's standard of living might be adversely affected if the statutory guidelines were followed. In my opinion, this can never be a legitimate reason for departing from the guidelines. The payment of child support inevitably has an impact upon the obligor's standard of living. It is part of the terrible cost of divorce.
The only reason relating to the interests of the child that was cited by the trial court was that unless the child support obligation were cut almost in half, the obligor spouse could not afford "suitable accommodation" for visitation. This implies that a parent earning an annual income of $26,272 ($31,000 less $4,728 in child support) with no child support obligation cannot provide suitable accommodation for a visiting child. Under this reasoning, a non-residential parent with less than $26,000 of annual income need not apply for visitation, because that parent cannot provide suitable accommodation for the child. I find that reasoning offensive.
There is no doubt that Ms. Smith's child support obligation, calculated in accordance with the statutory guidelines, will work a hardship upon her and force her to reduce her standard of living. In this she is hardly unique.
In my opinion, the trial court's decision to cut the guideline amount almost in half is unreasonable, and therefore constitutes an abuse of discretion. I also see no reason why Ms. Smith should be relieved of that obligation just because it took so long to grant Mr. Smith the relief to which he is entitled. In view of Ms. Smith's difficult financial circumstances, the payment of the arrearage could be spread over a long time.
I would sustain both of Mr. Smith's assignments of error, reverse the judgment of the trial court, and remand this cause for further proceedings.
Copies mailed to:
Ruth Slone-Stiver, Esq.
Douglas B. Gregg, Esq.
Hon. V. Michael Brigner